UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAMELA BAUGHER,<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY and THE CITY OF SEATTLE,<br><br>Defendants. | CASE NO.  C06-00584-JCC<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the Court on Defendant City of Seattle's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c) (Dkt. No. 8).  Defendant claims that this Court lacks jurisdiction over Plaintiff's claim, that Defendant was served improperly, and that Plaintiff fails to state a claim upon which relief can be granted.  For the following reasons, this Court QUASHES Plaintiff's service of process, ORDERS Plaintiff to SHOW CAUSE why the claims against Defendant City of Seattle should not be dismissed for lack of jurisdiction, and DENIES Defendant's Motion for Summary Judgment.

//

//

ORDER – 1

## II. ANALYSIS

Federal Rule of Civil Procedure 4(j)(2) states that a Plaintiff may properly serve a municipal corporation by serving the summons and complaint to the municipality's chief executive officer. In the alternative, Rule 4(j)(2) states that service may be effected in the manner prescribed by the state law in which the municipality is located. When service is insufficient, Courts have broad discretion to dismiss the action, or to retain the case but quash service of process. *See, e.g.*, *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985); *Cranford v. U.S.*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (mem.). Ordinarily, where there is a reasonable prospect that the plaintiff ultimately will serve defendant properly, the Court will retain the case but quash service of process. *Montalbano*, 766 F.2d at 740.

Defendant claims that Plaintiff failed to properly serve her Complaint on the Mayor or the City Clerk's Office as required by state law. *See* REV. CODE WASH. 4.28.080(2). Plaintiff responds that she sent her Complaint to the "Clerk," but she fails to identify which clerk she served. (Pl.'s Opp'n 1 (Dkt. No. 11).) The Court therefore quashes Plaintiff's service on Defendant City of Seattle. Plaintiff must effectuate proper service on the City of Seattle by October 1, 2006. If there is no proper service by such time, the claims against Defendant City of Seattle will be dismissed.

Apart from Defendant's argument regarding service, Defendant claims that this Court does not have jurisdiction over the City of Seattle because Plaintiff failed to file a Claim for Damages as a condition precedent to filing a cause of action against the City of Seattle. Plaintiff discusses several instances in which she attempted to negotiate with the city, but it is unclear whether she followed the correct procedure. (*See* Complaint (Dkt. No. 1); Pl.'s Opp'n.) Because the Court has insufficient information to determine whether Plaintiff properly exhausted the claims procedure prior to filing suit, Plaintiff is ORDERED to SHOW CAUSE by October 1, 2006 why her claims against Defendant City of Seattle should not be dismissed for lack of jurisdiction.

//

ORDER – 2

1   The Court cannot reach the merits of the claims against Defendant City of Seattle until it can
2   determine whether it has subject matter jurisdiction.  Therefore, the Court does not reach Defendant's
3   failure-to-state-a-claim argument in support of dismissal, and Defendant's motion for summary judgment
4   is DENIED.

5   SO ORDERED this <u>22nd</u> day of August, 2006.

*[signature: John C. Coughenour]*
John C. Coughenour
United States District Judge

26  ORDER – 3