UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAMELA BAUGHER,

    Plaintiff,

  v.

KING COUNTY and THE CITY OF SEATTLE,

    Defendants.

CASE NO. C06-584C

ORDER

    This matter comes before the Court on its own motion with respect to this Court's in-court dismissal of Plaintiff's case on October 24, 2006.

    On August 22, 2006, this Court quashed Plaintiff's service of process on Defendant City of Seattle, ordered Plaintiff to show cause why the claims against Defendant City of Seattle should not be dismissed for lack of jurisdiction, and denied the City's motion for summary judgment. (Order (Dkt. Nos. 19, 21).) Also on August 22, 2006, this matter was scheduled for an in-court Status Conference. Plaintiff failed to appear. The Court reset the Status Conference for October 24, 2006 and entered an Order to Show Cause why this case should not be dismissed for failure to prosecute in light of Plaintiff's failure to appear or to notify the Court of any inability to appear. (Minute Entry (Dkt. No. 22).)

//

ORDER – 1

On September 5, 2006, Plaintiff filed a "Reply" to the Court's two show cause orders (Dkt. No. 23). In this document, Plaintiff addressed the service issue relevant to the Court's show cause order regarding jurisdiction. The document begins with the following statement: "First, [I] am very sick and [I] cannot do much, and hereby ask someone of you [*sic*] to mail me a copy of the Complaint, so it can be re-served on the Defendant Seattle at the MAYOR's office (I didn[']t know it was the Mayor who had to get it - - - [I] thought it was the Clerk - - -)." (Pl.'s Show Cause Resp. (Dkt. No. 23) 2.) The body of the document continues to discuss the service issue and concludes with this: "I am not feeling well. [T]hanks. ([I] don[']t have cash to pay an attorney and don[']t qualify for any assistance because [I] have too many real estate assets. [I] am also very sick and frightened right now and am doing poorly, try to get the word to the CITY about this longstanding problem somebody thanks." (*Id.* at 4.) While this document was filed as a response to the jurisdictional order to show cause as well as the order to show cause regarding failure to prosecute, there is no indication anywhere in Plaintiff's filing that she was sick *on August 22, 2006* and that her illness was the reason for her failure to appear. Rather, her statements about being sick refer to the service issue alone. Plaintiff never filed a written explanation for her absence at the August 22, 2006 Status Conference. Nor did she ever call the Court to state a reason for her failure to appear.

Consequently, on October 17, 2006, this Court issued a Minute Order (Dkt. No. 24) directing Defendant City of Seattle to file a response to Plaintiff's show cause response regarding the jurisdictional issue. The Court also reminded all parties again of the in-court Status Conference set for October 24, 2006 and, because as of October 17, 2006 Plaintiff had never indicated why she did not appear on August 22, 2006, the Court specifically noted that "Plaintiff is still required to SHOW CAUSE why this entire matter should not be dismissed for failure to prosecute, as ordered by this Court when Plaintiff failed to appear for the August 22, 2006 Status Conference." (October 17, 2006 Minute Order 1–2.)

On October 19, 2006, Plaintiff filed a "Further Reply to Seattle's Summary Judgment Motion" (Dkt. No. 25). This document again addresses the jurisdictional show cause order. It says nothing

ORDER – 2

1  relevant to the show cause order regarding failure to appear. Thus, by the October 24, 2006 Status
2  Conference, Plaintiff had still not stated any reason on the record for her failure to appear at the previous
3  Status Conference.
4       Having received no explanation for Plaintiff's prior absence in Court, the Court began by
5  inquiring about Plaintiff's failure to appear on August 22, 2006. The court reporter's transcript from the
6  in-court Status Conference held on October 24, 2006 indicates the following exchange between the Court
7  and Plaintiff:

8      The Court:    Why weren't you here last time? Ma'am?
9      Ms. Baugher:  Yes.
10     The Court:    Why weren't you here last time?
11     Ms. Baugher:  I was sick. I was sick. Ill sick.
12     The Court:    I'm going to impose [a sanction] for 100 for—
13     Ms. Baugher:  For being sick?
14     The Court:    Yes ma'am
15     Ms. Baugher:  I object to that. That's crazy. I was sick. I was sick.
16     The Court:    Ma'am, you either pay the sanctions or your case will be dismissed. You
17                       understand that?
18     Ms. Baugher:  Is that a threat?
19     The Court:    Yes, it is.
20     Ms. Baugher:  I would assert my legal rights. I was sick. I was unable to attend.
21     The Court:    Ma'am, you will either pay $50 to each—
22     Ms. Baugher:  I'm not paying them.
23     The Court:    Then the case is dismissed.

24      Thus, as the transcript shows, the Court accepted Plaintiff's explanation that she was sick as the
25 reason for her failure to appear and imposed a sanction for the failure to appear and failure to notify the
26 ORDER – 3

Court of that explanation sooner.  When Plaintiff objected to a monetary sanction, the Court notified her that if she refused to comply with the Court's stated sanction order, the case would be dismissed.  Plaintiff then stated her refusal to pay and the Court accordingly dismissed the case.

A district court has the inherent power *sua sponte* to dismiss a case for lack of prosecution.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962) (finding that Federal Rule of Civil Procedure 41(b) does not restrict the inherent power of the courts in this regard).  A district court also has the inherent power to issue orders warning of the consequences of noncompliance with such orders.  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  Dismissal is a harsh penalty and should be imposed only in extreme circumstances.  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).  Five factors govern whether dismissal is proper: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423.  A district court is not required to make explicit findings as to each of these factors, but should consider them in making its decision to dismiss for failure to prosecute.  A judge must warn a plaintiff that dismissal is imminent.  *Oliva*, 958 F.2d at 274.  Moreover, warning is integral to the requirement that a court consider alternative sanctions.  *Malone v. United States Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987).

Although the Court finds Plaintiff's conduct—(1) in failing to appear or provide advance notice of an anticipated conflict with a court hearing and (2) flagrantly refusing to follow court orders—to be reprehensible, the Court acknowledges that some of the foregoing factors favor the Court now giving Plaintiff a second chance to avoid the harsh sanction of dismissal of her case.  Here, this Court imposed a monetary sanction for failure to prosecute.  Plaintiff objected.  In response, the Court warned Plaintiff that a more severe sanction would result if she failed to comply with the monetary sanction ordered.  Plaintiff expressly said she would not pay.  The belief that a court order is erroneous does not relieve one of the duty to obey it.  *Malone*, 833 F.2d at 133.  However, at this early stage in the litigation, the Court

ORDER – 4

finds it to be proper to reinstate Plaintiff's case to the active caseload and to allow Plaintiff another opportunity to pay the sanction imposed for her failure to appear and failure to notify the Court or Defendants of her anticipated absence.  The Court maintains its earlier finding that a fine of $50.00 payable to each Defendant—to compensate them for their appearance on August 22, 2006 when Plaintiff failed to appear—serves as a reasonable sanction on Plaintiff for her lack of consideration for the Court's time or Defense counsel's time.  If Plaintiff does not pay such sanction, she is hereby again warned that her case may be dismissed for failure to obey the sanction order imposed for her failure to prosecute.

Accordingly, the Court hereby VACATES its dismissal of Plaintiff's case.  Plaintiff is ordered to pay the $100.00 sanction ordered on October 24, 2006 within twenty-one (21) days of the date of this Order by paying $50.00 to each Defendant.  If she does not do so, her case may be dismissed. Defendants are directed to file notices on the Court's docket when they have received payment of the fine.  At such time, the Court will proceed with this case and amend any now-suspended deadlines.

SO ORDERED this 2nd day of November, 2006.

*John C. Coughenour*

John C. Coughenour

United States District Judge

ORDER – 5