UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAMELA A. BAUGHER,

    Plaintiff,

v.

KING COUNTY; CITY OF SEATTLE,

    Defendants.

CASE NO. C06-0584BHS

ORDER GRANTING DEFENDANT['S] MOTION FOR DISMISSAL

This matter comes before the Court on Defendant['s] Motion for Dismissal (Dkt. 46). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Pamela A. Baugher filed suit in King County Superior Court on April 3, 2006, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, the Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq.*, RCW 70.84.070, and RCW 9.91.170. Dkt. 1 at 7, 10. Ms. Baugher contends that she has a medical condition that requires use of a service animal. Dkt. 1 at 7. Ms. Baugher contends that she was denied access to the King County courthouse on March 13, 2006, denied access to District Court in Shoreline in 2005, removed from a Fred Meyer store in 2005 by a King County Sheriff's officer, and was removed from the Meany Hotel by Seattle

ORDER - 1

police officers. Dkt. 1 at 8-9. On March 30, 2007, Ms. Baugher's claims against the City of Seattle were dismissed for failure to effect service and failure to file a claim for damages 60 days before filing suit. Dkt. 41. Defendant King County now moves to dismiss the complaint for lack of personal jurisdiction and failure to effect service. Dkt. 46.

## II. STANDARD

Motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

While the Court's consideration of a motion to dismiss is generally limited to the pleadings, the Court may take judicial notice of matters of public record. Fed. R. Civ. P. 12(d); *see Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). For purposes of considering a motion to dismiss on the grounds of subject matter jurisdiction, the Court may consider matters outside of the pleadings. *Association of American Medical Colleges v. U.S.*, 217 F.3d 770, 778 (9th Cir. 2000). The Court has therefore considered the declarations of the Clerk of the King County Council (Dkt. 47) and the deputy prosecuting attorney of the King County Prosecuting Attorney's Office (Dkt. 48).

## III. DISCUSSION

A summons and copy of the complaint must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1), (4)(m). Plaintiffs may sue a state or municipal

ORDER - 2

1  corporation by effecting service on the chief executive officer or in the manner provided
2  by state law. Fed. R. Civ. P. 4(j)(2).

3  Under Washington law, charter counties may designate an agent to accept service.
4  *See* RCW 4.28.080(1). King County is a charter county and has designated the Clerk of
5  the County Council as its agent to receive legal process. *See Davidheiser v. Pierce*
6  *County*, 92 Wn. App. 146, 152 n.2 (1998) (quoting portions of the King County Code
7  providing for service of process on, and presentment of claims to, the Clerk of the County
8  Council);  *Davidson v. Thomas*, 55 Wn. App. 794, 797 n.2 (1989).

9  The Court must extend the 120-day service period upon a showing of good cause
10 for failure to effect service in a timely manner. *See In re Sheehan*, 253 F.3d 507, 512 (9th
11 Cir. 2001); Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the
12 court must extend the time for service for an appropriate period.). The Ninth Circuit has
13 held that at a minimum, good cause means excusable neglect. *Sheehan*, 253 F.3d at 512.
14 Plaintiffs  may be required to show that the defendant received actual notice of the
15 lawsuit, that the defendant would suffer no prejudice if the time for service were
16 extended; and that the plaintiff would be severely prejudiced if the court dismissed the
17 complaint. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1990). In its discretion, the
18 Court may also extend the 120-day service deadline in the absence of good cause. *See*
19 *Sheehan*, 253 F.3d at 513.

20 In this case, it appears that Ms. Baugher's only attempt to effect service was
21 through personal delivery of the summons and complaint to the receptionist of the Civil
22 Division of the King County Prosecuting Attorney's Office. *See* Dkt. 48. The Prosecuting
23 Attorney's Office does not accept service on behalf of King County because King County
24 has designated the Clerk of the County Council to accept service. *Id.* at 2.

25 Almost two years have passed since Ms. Baugher filed her complaint in state
26 court. King County raised insufficient service of process as an affirmative defense in its
27 answer. Dkt. 3-3 at 4. In addition, Ms. Baugher's claims against the City of Seattle were
28

dismissed for insufficient service. Dkt. 41. Finally, the Court deems Ms. Baugher's failure to respond to the motion to be an admission that the motion has merit. *See* Local Rule CR 7(b)(2). The Court therefore concludes that Ms. Baugher's failure to effect service on King County pursuant to RCW 4.28.080(1) is not supported by good cause or excusable neglect and declines to exercise its discretion to allow Ms. Baugher additional time to serve King County.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant['s] Motion for Dismissal (Dkt. 46) is **GRANTED**, and Plaintiff's claims against King County are **DISMISSED without prejudice**.

DATED this 12th day of February 12, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4